AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>LASHAWNDA ALEXANDER<br>*Defendant(s)* | )<br>)<br>)  Case No. **1:21-MJ-00533**<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __6/23/2020__ in the county of __HAMILTON__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |
| 18 U.S.C. § 1014 | False Statements on a Loan Application |
| 18 U.S.C. § 1040 | Fraud in connection with Major Disaster or Emergency Benefits |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

> AARON H MCRORIE
> Digitally signed by AARON H MCRORIE
> Date: 2021.07.14 15:01:04 -04'00'
>
> *Complainant's signature*
>
> SA AARON H. MCRORIE, U.S. SECRET SERVICE
> *Printed name and title*

Sworn to before me and signed in my presence.
**via electronic means, specifically Facetime video.**

Date: __Jul 14, 2021__

*Judge's signature*

City and state: __CINCINNATI, OHIO__ Stephanie K. Bowman, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Aaron H. McRorie, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1. I am a Special Agent with the United States Secret Service (USSS) and have been since June 2019. I am currently assigned to the USSS, Cincinnati Field Office. In this capacity, I investigate violations of criminal law relating to counterfeit currency, identity theft, access device fraud, bank fraud, and wire transfer among other offenses. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. Consequently, I am an "investigative or law enforcement officer of the United States," within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I received formal training at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA, and the USSS Training Academy in Beltsville, MD.

2. I am familiar with the facts and circumstances of this case. The information contained in this affidavit is either personally known to me, based upon my review of various records and publicly available information, or has been relayed to me by other agents or sworn law enforcement personnel. Because this affidavit is being submitted for the limited purpose of obtaining a criminal complaint, I have not included each and every fact known to me concerning the investigation. I have set forth only those facts that I believe are necessary to establish probable cause to support the requested seizure warrant.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1014 (False Statements on a Loan Application), and 18 U.S.C. § 1040 (Fraud in connection with Major Disaster or Emergency Benefits), among other offenses have been committed by LASHAWNDA ALEXANDER.

## PROBABLE CAUSE

**A. The government is investigating fraud involving loan programs designed to assist small businesses during the pandemic.**

4. On or about December 15, 2020, the United States Secret Service initiated an investigation into LASHAWNDA ALEXANDER for suspected violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1014 (False Statements on a Loan Application) based on a review of transactional data showing that deposits stemming from Small Business Administration (SBA) programs designed to assist small businesses and their employees during the coronavirus pandemic had been used for purchases and expenses seemingly unrelated to job retention and other permissible business expenses.

5. Records received via legal process revealed that LASHAWNDA ALEXANDER is the primary signer for a personal checking account and a business account at PNC Bank. The accounts in question are as follows: #4157504491 (Business "TressD LLC") (Account 1) and #4271676422 (Personal Account "Lashawnda Alexander") (Account 2).

6. Further review of these records showed that LASHAWNDA ALEXANDER received three separate deposits, two under Economic Injury Disaster Grant (EIDG) (6/25/2020) and one under Economic Injury Disaster Loan (EIDL) (6/29/2020) for a total of $90,900.00. The EIDL and EIDGs were issued by the SBA pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act, a federal law enacted on March 27,

2020 designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. The EIDL program is designed to provide economic relief to businesses that are currently experiencing a temporary loss of revenue due to COVID-19 by supplying working capital and normal operating expenses such as continuation of health care benefits, rent, utilities, and fixed debt payments. As part of the SBA's EIDL program, small businesses could apply for an EIDG of up to $10,000 that did not need to be repaid. SBA proceeds, however, must be used by the business on certain permissible expenses, including payroll costs, interest on mortgages, rent, and utilities. The amount of EIDG and EIDL funds a business may receive is generally determined by the number of employees and amount of monthly expenses accrued in the previous year before the pandemic.

**B. Alexander's EIDL applications show significant discrepancies indicative of fraud.**

7. Records received from the SBA Office of Inspector General (OIG) confirm that on 6/23/2020 LASHAWNDA ALEXANDER electronically submitted an EIDL application under the business name "Lashawnda Alexander." Alexander requested a $46,500.00 loan with a $10,000.00 grant attached. In the application, LASHAWNDA ALEXANDER stated that the business was an "Agricultural Enterprise" with ten employees. She further listed the "gross revenues for the 12 months prior to the disaster" for the business as "$125,000.00," and the "cost of goods sold for the 12 months prior to the disaster" as "$12,000.00." She listed the business address as 1946 Connecticut Avenue, Cincinnati, OH 45224 and provided an email address of LAHLAHALEXANDER@GMAIL.COM. The EIDG was approved as an advance on 6/23/2020 and was paid out to "Lashawnda Alexander" (Account 2) on 6/25/2020.

Shortly thereafter, SBA representatives checked the background of the business and disqualified the $46,500.00 loan because the business "Lashawnda Alexander" did not meet eligibility requirements. As a result, bank records show a $10,000 grant related to this application, but not an EIDL disbursement of $46,500.00.

8. An open source search I conducted confirmed that 1946 Connecticut Avenue, Cincinnati, OH 45224 is a residential suburban address with no agricultural activity. A search of the Ohio Secretary of State Registered business listings showed no registration for "Lashawnda Alexander." Also, a report I generated using "TLOxd," a search engine created by Transunion for law enforcement searches of business, personnel, addresses, etc. for records. The report showed no businesses associated with that address and listed the property as "residential." Based on my training and experience, this is indicative of a fraudulent loan application using false pretenses and false statements.

9. Further review of the records received from the SBA OIG also show that on 6/24/2020, LASHAWNDA ALEXANDER electronically submitted a separate application for an EIDL of $71,000.00 with an EIDG advance of $10,000.00 for the business "TRESSD LLC." In the application, LASHAWNDA ALEXANDER stated that the company is a "Hair & Nail Salon" in the "Personal Services" industry with an open date of 2/23/2018. She further claimed that the business had 15 employees, had $175,000.00 in gross revenue the 12 months prior to the disaster, and a "cost of goods sold for the 12 months prior to the disaster" of $13,000.00. Additionally, the application declares the address of TRESSD LLC as 4220 Montgomery Rd, Cincinnati, OH 45212. The grant was approved as an advance on 6/24/2020 and disbursed on 6/24/2020 to Account 1. The loan of $71,000.00 was then disbursed on 6/25/2020 to Account 1.

10. A review of PNC Bank records shows that in the initial business checking account application (Account 1), TRESSD LLC was listed as having an address of 4220 Montgomery Rd, Cincinnati, OH 45212. A search of the Ohio Secretary of State website found that TRESSD LLC was registered with the Ohio Secretary of State as of 12/29/2019. A TLOxd address report was generated for "4220 Montgomery Rd, Cincinnati, OH 45212." According to the report, there have only been three businesses located at "4220 Montgomery Rd, Cincinnati, OH 45212": LOUD STYLES BARBER SALON, RANDYS SPORTS BAR, and THE DEW DROP LOUNGE. The property is listed as being owned by LOUD STYLES BARBER SALON since 2012. There appears to be no association between LOUD STYLES BARBER SALON and LASHAWNDA ALEXANDER. An Experian Credit report pulled by the SBA on 6/23/2020 as part of the loan application process indicates that LASHAWNDA ALEXANDER has been employed by a salon called "KOLD CUTS" since December 2013. To date, other than the SBA loan application, no records have been found to establish a connection between TRESSD LLC and the listed address. Surveillance on the address shows no indication that any business other than LOUD STYLES BARBER SALON operates at that address.

11. On or around 3/26/2021, Special Agent James Teuschl and I interviewed the manager of LOUD STYLES BARBER SALON who stated that he knew LASHAWNDA ALEXANDER, and that she had previously worked at that business, but did not currently work there and currently has no affiliations with LOUD STYLES BARBER SALON. This is further indicative that the EIDL loan application for business "TRESSD" contained false statements.

**C. EIDL proceeds do not appear to have been used consistent with SBA program rules.**

12. Review of Alexander's associated bank account records show a series of transactions that do not appear to be business expenses consistent with the EIDL/EIDG program requirements, including a withdrawal of $9,000.00 in cash from Account 1 by LASHAWNDA ALEXANDER on 8/3/2020 which appears to be for personal expenses, an official check from Account 1 on 8/7/2020 for $30,000.00 to "Auto Empire," a local car dealership, and a purchase of $1,142.72 from Account 1 to Mercedes Benz Cincinnati on 8/10/2020. Additionally, records show a series of electronic transfers between LASHAWNDA ALEXANDER and other individuals that do not appear to be legitimate payroll expenses, which suggests that others may be involved in the fraud.

13. Notably, between 7/30/2020 and 8/24/2020, LASHAWNDA ALEXANDER spent approximately $7,954.16 on personal expenses to include flights, hotel rooms, restaurants, moving companies, home furnishings, and department stores. These do not appear to be payroll or other covered business expenses and therefore are not expenses expressly allowed through the loan agreement which further indicates fraud.

**D. In addition to SBA loans, Alexander also applied for and received unemployment assistance.**

14. Bank records also show that LASHAWNDA ALEXANDER received approximately $19,844.00 between 5/21/2020 and 8/26/2020 from the Ohio Department of Jobs and Family Services (ODJFS) Pandemic Unemployment Assistance (ODJFS-PUA) program. ODJFS-PUA payments were authorized under the CARES Act to provide unemployment benefits to support workers suffering as a result of coronavirus pandemic. Based on my training, knowledge, and experience, I know it is rare for a business owner that has received funds for two separate businesses large enough to justify SBA grants/loans to

6

simultaneously receive unemployment credits as though she was an employee. Based on my training, knowledge, and experience, I believe this to be a strong indicator of fraud.

## CONCLUSION

15. Based on the foregoing facts, I request that the Court issue the proposed criminal complaint. There is probable cause to believe that LASHAWNDA ALEXANDER committed violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1014 (False Statements on a Loan Application), and 18 U.S.C. § 1040 (Fraud in connection with Major Disaster or Emergency Benefits). I, therefore, respectfully request that an arrest warrant be issued authorizing the arrest of LASHAWNDA ALEXANDER.

Respectfully submitted,

AARON H MCRORIE
Digitally signed by AARON H MCRO
Date: 2021.07.14 15:13:25 -04'00'

AARON H. MCRORIE
Special Agent
United States Secret Service

Sworn to and subscribed before me this __14th__ day of July 2021, at Cincinnati, Ohio.
**via electronic means, specifically Facetime video.**

*Stephanie K. Bowman*
HONORABLE STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE

7